UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| James Holloway, # 273291, | ) C/A No. 5:13-1978-MGL-KDW |
| Petitioner, | ) |
| vs. | ) REPORT AND RECOMMENDATION |
| Warden, Tyger River Correctional Institution, | ) |
| Respondent. | ) |

Petitioner James Holloway ("Petitioner"), a state prison inmate appearing pro se, submitted to the court a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. §636(b)(1)(B), and D.S.C. Civ. R. 73.02(B)(2)(c), the undersigned United States Magistrate Judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the District Court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

## **BACKGROUND**

In his § 2254 Petition, Petitioner seeks to challenge a murder conviction and life sentence entered after he pleaded guilty to a murder charge against him in McCormick County, South Carolina in August 2006. Petitioner responded negatively to the question about whether any other federal action had been pursued to challenge the conviction. Pet. 12, question 14, ECF No. 1. Nonetheless, the court takes judicial notice of a previous petition that was submitted challenging this same conviction and sentence. *See Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970) (a federal court may take judicial notice of the contents of its own records). The

first petition was served on the State and each side was given full opportunity to file motions and litigate the case, both procedurally and on the merits, before summary judgment was granted in favor of the respondent in November 2012, upon a finding that the petition was untimely. *Holloway v. Riley*, Civil Action No. 5:12-165-MGL. A certificate of appealability was denied and Petitioner did not appeal the decision on untimeliness.

Review of the Petition in this case, compared to the petition submitted by Petitioner in his previous case, discloses virtual identical allegations and claims. The same dates are provided for important filings and decisions connected with Petitioner's use of state court remedies, and the same four grounds for relief are stated. In fact, it appears that Petitioner simply copied everything that was in his original petition onto the court-approved petition form that he completed in response to the initial Order issued in this case. Pet., attach. 1. There do not appear to have been any additional state court filings or federal court filings involving Petitioner's challenges to his conviction and sentence since the dismissal of the original petition, and there are no allegations of new applicable law or newly discovered evidence that would permit a different result in this case from that reached in the original case.

## **INITIAL REVIEW**

Under established local procedure in this judicial district, a careful review was made of the pro se Petition filed in this case. The review was conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v.*

*Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

The court is required to construe pro se petitions liberally. Such pro se petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a pro se litigant to allow the development of a potentially meritorious case, *Erickson v. Pardus*, 551 U.S. 89 (2007). When a federal court is evaluating a pro se petition, the petitioner's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F. 3d 630, 630 n.1 (4th Cir. 2003). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

Furthermore, the court is charged with screening Petitioner's lawsuit to determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts. Following the required initial review, the undersigned recommends that the Petition submitted in this case be summarily dismissed.

## **DISCUSSION**

If a petition is frivolous or patently absurd on its face, entry of dismissal may be made on the court's own motion without the necessity of requiring a responsive pleading from the government. *See Raines v. United States*, 423 F.2d 526, 529 (4th Cir. 1970). Chapter 153 of Title 28 of the United States Code provides a statutory framework for federal post-conviction relief from judgments of conviction entered in federal and state courts. Under this framework, individuals convicted of crimes in state courts seek federal habeas corpus relief through 28 U.S.C. § 2254. *See In re Vial*, 115 F.3d

1192, 1194 (4th Cir. 1997) (footnote omitted). On April 24, 1996, the President of the United States signed into law the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA") which, in part, amended Chapter 153. The AEDPA effected a number of substantial changes regarding the availability of federal post-conviction relief to individuals convicted of crimes in federal and state courts. Of particular importance here are the provisions of the AEDPA codifying and extending judicially constructed limits on the consideration of second and successive applications for collateral relief. *See Felker v. Turpin*, 518 U.S. 651, 657 (1996). Under the AEDPA, an individual may not file a second or successive § 2254 petition for a writ of habeas corpus (or the equivalent thereof) or a second or successive § 2255 motion to vacate sentence without first receiving permission to do so from the appropriate circuit court of appeals. *See In re Vial*, 115 F.3d at 1194.[1] The "gatekeeping" mechanism provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(3)(A). A court may raise the issue of successiveness of a habeas petition *sua sponte*. *Rodriguez v. Johnson*, 104 F.3d 694, 697 & n.1 (5th Cir. 1997); *Latimer v. Warden*, NO. 6:10-721-JFA-WMC, 2010 WL 2720912 (D.S.C. July 8, 2010). Legally, the dismissal of a § 2254 petition as untimely is considered a consideration of that petition "on the merits," so that any subsequent petition filed by the same

---

[1] With authorization, a petitioner may be able to present a claim for the first time in a successive habeas petition when the claim relies on a new rule of constitutional law, *see* 28 U.S.C. § 2244(b)(2)(A), or, if the claim is based on newly discovered evidence, when the petitioner can make a prima facie showing of both cause and prejudice within the meaning of § 2244(b)(2)(B)(i) and § 2244(b)(2)(B)(ii). *See Evans v. Smith*, 220 F.3d 306, 323 (4th Cir. 2000). Petitioner is advised that "[t]he grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari." 28 U.S.C. § 2244(b)(3)(E).

petitioner challenging the same underlying state conviction and sentence is deemed successive, and, thus, requires permission from the applicable court of appeals. *See, e.g., Jordan v. Sec., Dep't of Corr.*, 485 F.3d 1351, 1353 (11th Cir. 2007); *Murray v. Grenier*, 394 F.3d 78, 81 (2d Cir. 2005); *Simmons v. Cummins*, No. 2:10-CV-28-ID, 2010 WL 582091 (M.D. Ala. Jan. 15, 2010) (collecting cases).

The Petition filed in this case is a successive petition because it raises claims against the validity of Petitioner's 2006 conviction that could have been brought in the first habeas case, but for the untimeliness of the petition in that case. *See Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005). The Petition under review in this case should be dismissed as successive because Petitioner's procedural history in this court shows that he has already filed one § 2254 petition challenging his McCormick County murder conviction, and that petition was dismissed by the court on the merits as untimely. No authorization was sought from the Fourth Circuit before this case was filed. Because Petitioner did not obtain the required authorization to file this Petition, this court does not have jurisdiction to consider it. Accordingly, this case is subject to summary dismissal without service on the Respondent. *See Romandine v. United States*, 206 F.3d 731, 734 (7th Cir. 2000); *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000); *see also Moody v. Maynard*, 105 F. App'x 458, 464-65 (4th Cir. 2004).

## **RECOMMENDATION**

Accordingly, it is recommended that the Petition for a Writ of Habeas Corpus in this case be dismissed *with prejudice*.

IT IS SO RECOMMENDED.

October 18, 2013  Kaymani D. West
Florence, South Carolina  United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).