IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| James Holloway, #273291, | ) Civil Action No.:5:13-1978-MGL |
|                                Petitioner, | ) |
| v. | ) **OPINION AND ORDER** |
| Warden, Tyger River Correctional Institution, | ) |
|                                Respondent. | ) |
| _____ | ) |

On July 18, 2013, Petitioner James Holloway ("Petitioner"), an inmate in the South Carolina Department of Corrections and housed at the Tyger River Correctional Institution in Enoree, South Carolina, filed the instant petition for a *writ of habeas corpus* pursuant to 28 U.S.C. § 2254. (ECF No. 1.) In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c), D.S.C., this matter was referred to United States Magistrate Judge Kaymani D. West for pre-trial proceedings and a Report and Recommendation ("Report").

On October 18, 2013, the Magistrate Judge issued a Report and Recommendation recommending that the court dismiss Petitioner's petition without prejudice and without issuance and service of process. (ECF No. 24). The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and Recommendation and the serious consequences if he failed to do so. *Id.* at 7. Plaintiff has filed no objections and the time for doing so expired on November 4, 2013.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). The court is charged with making a *de novo* determination of any portion of the Report and Recommendation of the

Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

After a careful review of the record, the applicable law, and the Report and Recommendation of the Magistrate Judge, the court finds no clear error. Accordingly, the court adopts and incorporates the Report and Recommendation (ECF No. 24) by reference into this order. It is therefore ORDERED that action is DISMISSED without prejudice and without requiring respondent to file a return.

## Certificate of Appealability

The governing law provides that:

> (c) (2) A certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c) (3) The certificate of appealability ... shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c) . A prisoner satisfies the standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller–El v. Cockrell*, 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir.2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore,

a

certificate of appealability is DENIED.

    IT IS SO ORDERED.

                                                      /s/ Mary G. Lewis
                                                      United States District Judge

Spartanburg, South Carolina
November 21, 2013